**Robert WILLIAMS**

v.

**UNITED STATES of America.**

Civ. A. No. 81–1929.

United States District Court,
W. D. Louisiana,
Monroe Division.

June 18, 1982.

clusions as a final judgment in favor of Gross-

Richard Beard, Alexandria, La., for plaintiff.

John R. Halliburton, Asst. U. S. Atty., Shreveport, La., for defendant.

ORDER OF DISMISSAL

NAUMAN S. SCOTT, Chief Judge.

Plaintiff has filed a Federal Tort Claims Act (FTCA) suit 28 U.S.C. § 1346(b) against the government for damages arising out of an accident with a postal vehicle on June 20, 1978. The government has filed a Motion to Dismiss or in the Alternative to Reduce Ad Damnum, stating that plaintiff failed to properly file as a prerequisite to suit an administrative claim within two years of the alleged tort as required by 28 U.S.C. § 2401(b).

Within a year of the accident, plaintiff filed a state court suit against the postal employee involved. A United States attorney, when notified of the state action, informed plaintiff's counsel that an administrative claim must first be filed. Plaintiff filed such a claim on a Standard Form (SF) 95 on June 5, 1980. Only a claim for property damage in the amount of $7,000 was filled in. No amount was filled in for personal injuries or a total amount claimed. On August 5, 1980, plaintiff's counsel wrote to the Postal Service attorney fully setting out plaintiff's claims and making a settlement offer. Plaintiff's administrative claim was subsequently denied.

■ Under 28 U.S.C. § 2675(a) and CFR 14.2(a), plaintiff's administrative claim, a prerequisite to suit under the FTCA, must contain a sum certain. Plaintiff's partial claim failed to comply with this requirement. Therefore, the claim was a nullity. *DeGerena v. The United States*, 398 F.Supp. 93 (D.P.R.1975); *Hlavac v. United States*, 356 F.Supp. 1274 (N.D.Ill.1972); See *Adams v. United States*, 615 F.2d 284 (5th Cir. 1980); *Melo v. United States*, 505 F.2d 1026

man and against IPC.

(8th Cir. 1974); *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974); *Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972).

Notice of the state suit did not satisfy the sum certain requirement. *Miller v. United States*, 418 F.Supp. 373 (D.Minn. 1976). Plaintiff counsel's letter might have sufficed in lieu of a fully completed SF 95 form, see *Adams v. United States*, supra, had it been sent within the two year prescriptive period.

We are not free to view plaintiff's piecemeal contacts with the government as together satisfying the claims procedure. The United States has chosen to waive its sovereign immunity pursuant to the dictates of the FTCA. The procedures are not overly burdensome nor are they unrealistic. A properly filed administrative claim does not stand solely as a rule of procedure or as a general notice requirement but serves to establish the parameters of subject matter jurisdiction for this court.

Plaintiff having failed to file a proper administrative claim within the two years provided by law, we grant the Government's motion to dismiss and hereby dismiss plaintiff's complaint at plaintiff's cost.